Cite as 2021 Ark. App. 311

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-484

| | |
|---|---|
| NORTHPORT HEALTH SERVICES OF ARKANSAS, LLC, D/B/A COVINGTON COURT HEALTH AND REHABILITATION CENTER; NHS MANAGEMENT, LLC; NORTHPORT HEALTH SERVICES, INC.; NORTHPORT HOLDINGS, LLC; NORTHPORT HOLDING OPERATIONS, LLC; NHS OPERATIONS, LLC; AND RONALD S. YARBROUGH IN HIS CAPACITY AS ADMINISTRATOR OF COVINGTON COURT HEALTH AND REHABILITATION <br> APPELLANTS <br><br> V. <br><br> ANGIE P. ELLIS, AS ATTORNEY-IN-FACT OF KARLEEN VERNON <br> APPELLEE | **Opinion Delivered** September 1, 2021 <br><br> APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT <br> [NO. 66FCV-19-1103] <br><br><br> HONORABLE JAMES O. COX, JUDGE <br><br><br><br><br><br><br><br> DISMISSED |

## N. MARK KLAPPENBACH, Judge

Appellants (collectively "Northport") appeal the April 9, 2020 order of the circuit court that resolved the motion filed by appellee (Ellis) titled "Motion to Determine the Validity of an Arbitration Agreement." The circuit court found the agreement invalid due to lack of mutuality. Because Northport is appealing from an order that is not appealable, we dismiss.

Karleen Vernon, Ellis's sister, lived in Northport's nursing home and allegedly suffered personal injuries due to inadequate care and treatment. In December 2019, Ellis

filed a lawsuit against Northport on her sister's behalf, alleging counts of negligence, medical malpractice, breach of the admissions agreement, and deceptive trade practices. In January 2020, Northport answered the complaint, denying Ellis's allegations.

On February 10, 2020, Ellis filed the "Motion to Determine the Validity of an Arbitration Agreement." In the motion, Ellis stated that Northport's discovery responses indicated that it "intend[s] to try to enforce an arbitration agreement" executed as part of Vernon's admission to the facility. Ellis asserted that this agreement was unenforceable because it lacked mutuality; the agreement exempted any claim for less than $25,000 from the requirement to arbitrate, which exempted only the types of claims that it would assert against a resident. Ellis cited *Robinson Nursing & Rehabilitation Center, LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624, among other Arkansas appellate cases to support her argument that this agreement was invalid. On February 24, 2020, Northport filed a response stating that it had "a right to seek enforcement of the agreement to arbitrate in either state or federal court" and had "chose[n] to file a Complaint to Compel Arbitration of Plaintiff's claims in the United States District Court for the Western District of Arkansas, pursuant to federal jurisdiction[.]"[1] Northport's response acknowledged the *Phillips* opinion but asserted that *Phillips* was in violation of the Federal Arbitration Act and an unduly-restrictive interpretation of the mutuality requirement.

---

[1]Northport attached as an exhibit its "Complaint to Compel Arbitration," filed in federal court on February 20, 2020, in which Northport asked the federal court to compel arbitration and stay the state-court proceedings. Northport subsequently filed a Motion for Summary Judgment requesting the federal court to compel Ellis's claims into arbitration. Northport's federal complaint was later dismissed.

On March 3, 2020, Ellis filed a reply to Northport, arguing that Northport was aware that it would not prevail under state law, that Northport was improperly forum shopping, and that the agreement itself established Sebastian County, Arkansas, as "the sole and exclusive venue" for any dispute. On March 9, 2020, Northport filed a sur-reply asserting that it was not improperly forum shopping and stating:

> [Ellis] should not be permitted to rob Defendants [Northport] of their choice of forum. Importantly, Defendants have not moved to compel arbitration in this action. Defendants have asserted their *right* to compel arbitration so as not to waive it, but they chose to assert that right in federal court, which is the typical practice of these Defendants. Plaintiff's Motion to Determine the Validity of an Arbitration Agreement was clearly an improper preemptive strike.

(Emphasis in original.) Northport requested that the circuit court stay its proceedings until the federal court resolved the matter.

On April 2, 2020, at the conclusion of the circuit-court hearing, Northport's attorney told the circuit court that "if you are inclined to rule on this today, I think that procedurally, we have to bring a Motion to Compel Arbitration and have you either rule on that up or down so that we can maintain our rights to appeal[.]" The circuit court entered an order on April 9, 2020, finding that the arbitration agreement was governed by *Phillips*, that the agreement lacked mutuality, and that the agreement was not valid.

On April 10, 2020, Northport filed a "Motion for Reconsideration and to Compel Arbitration," citing *Jorja Trading, Inc. v. Willis*, 2020 Ark. 133, 598 S.W.3d 1, which, according to Northport, retracted our supreme court's overly restrictive approach to "mutuality" in arbitration agreements. Ellis argued that *Jorja* was distinguishable and urged the circuit court to deny Northport's "Motion for Reconsideration and to Compel Arbitration." Northport filed a response on April 29, 2020, reasserting that *Jorja* mandated

3

that the circuit court vacate its prior order and that it compel Ellis to arbitrate her claims.[2]

Significantly, Northport's "Motion for Reconsideration and to Compel Arbitration" was never ruled on by the circuit court, nor was any appeal taken in relation to this motion.

On May 8, 2020, Northport filed its notice of appeal appealing the "April 9, 2020" order "determining that no valid agreement to arbitrate exists between the parties."

We must first determine whether we have appellate jurisdiction. Northport asserted that we have appellate jurisdiction over the April 9, 2020 order because an order denying a motion to compel arbitration is immediately appealable according to Arkansas Rule of Appellate Procedure–Civil 2(a)(12). However, Northport made very clear in its filings and assertions to the circuit court preceding April 9, 2020, that it was *not* moving the circuit court to compel arbitration but had instead "chose[n] to assert that right in federal court." The order recited in Northport's notice of appeal is the order issued on *Ellis's motion* to determine the validity of the agreement. We lack appellate jurisdiction over Northport's appeal of the April 9, 2020 order, which requires that we dismiss the appeal.

Dismissed.

HIXSON and BROWN, JJ., agree.

*Hardin, Jesson & Terry, PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, *Kirkman T. Dougherty*, and *Stephanie I. Randall*, for appellants.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*, for appellee.

---

[2]We held in *Country Club Gardens, LLC v. Alexander*, 2020 Ark. App. 239, 599 S.W.3d 363, that *Phillips* was not overruled by *Jorja*.